UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSIC SALES CORP., W CHAPPELL      Civil Action No.
MUSIC CORP. d/b/a WC MUSIC CORP., and
LISABELLA MUSIC,

      Plaintiffs,

v

TAYLOR AC, INC., MARIE ARMELAGOS
and JAMES ARMELAGOS,

      Defendants.
_____/

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the

Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Taylor AC, Inc. ("TAI"), is a corporation organized under the laws of Michigan, with a principal place of business located at 25955 Ecorse Road, Taylor, MI 48180.

6. At all times hereinafter mentioned TAI did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Taylor A.C. Bar and Grill ("Taylor A.C."), located at 25955 Ecorse Road, Taylor, MI 48180.

7. Musical compositions were and are publicly performed at Taylor A.C.

8. On information and belief, defendant Marie Armelagos is an individual who resides or does business in this District.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

2

9. On information and belief, defendant James Armelagos (James Armelagos and, together with TAI and Marie Armelagos, the "Defendants") is an individual who resides or does business in this District.

10. On information and belief, Marie Armelagos and James Armelagos are principals, officers and/or owners of TAI.

11. At all times hereinafter mentioned, Marie Armelagos and James Armelagos were, and still are, responsible for the control, management, operation, and maintenance of the affairs of TAI.

12. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Taylor A.C., including the right and ability to supervise and control the public performance of musical compositions at Taylor A.C.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Taylor A.C.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 960,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. Since February 2023, ASCAP representatives have made more than twenty-five (25) attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Taylor A.C. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

17. Defendants have refused all of ASCAP's license offers for Taylor A.C.

18. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Taylor A.C. constitute copyright infringement of ASCAP's members' copyrights in their musical works.

19. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Taylor A.C., including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The composition named in cause of action 2 was registered as an unpublished composition on the date stated in Column 5, and since the date of registration has been printed and published in strict conformity with Title 17 of the United States Code.

22. The compositions named in causes of action 1 and 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

23. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24. The compositions named in causes of action 1 and 2 are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued a Certificate of Registration of the claim of the renewal of copyright in the name of that claimant listed in Column 7. The date and identification number of the renewal certificate are set forth in Column 8.

25. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Taylor A.C., for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

26. The public performances at Taylor A.C. of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

27. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

28. The many unauthorized performances at Taylor A.C. include the performances of the three copyrighted musical compositions upon which this action is based.

29. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

30. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Taylor A.C., or in any place owned, controlled, managed or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Respectfully submitted,

WARNER NORCROSS + JUDD LLP
Attorneys for Plaintiffs

By: /Brian D. Wassom/
Brian D. Wassom (P60381)
12900 Hall Rd., Ste. 200
Sterling Heights, MI 48313
(586) 303-4139
bwassom@wnj.com

Dated:  March 4, 2024